UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORRI M. DURDEN,

       Plaintiff,

                                            Case No. 2:20-cv-12974

v.                                           Hon. George Caram Steeh

NURSE SARAH, ET AL,

       Defendants.
_____/

## OPINION AND ORDER OF PARTIAL DISMISSAL

This is a pro se prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff, Torri M. Durden, is incarcerated at the Saginaw Correctional Facility in Freeland, Michigan. Plaintiff sues Correct Care Solutions, Vicky Lynn Warren, Mark Morrissey, and Nurse Sarah. Plaintiff claims before he was transferred to the Michigan Department of Corrections, while he was an inmate at the Oakland County Jail, his knee and ankle were injured during a cell extraction. He asserts that despite what he claims to be a serious injury, Defendants refused to provide him with any medical treatment, resulting in lasting pain and suffering. For the reasons that follow, the Court will summarily dismiss the case with respect to Defendants Correct Care Solutions, Vicky Lynn Warren, and Mark Morrissey. The case will proceed against Defendant Nurse Sarah.

## I. Standard of Decision

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." FED. R. CIV. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While this pleading standard does not require "detailed" factual allegations, *id*., it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*.

The Court must read Plaintiff's pro se complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in

forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## II. Complaint

Plaintiff asserts that he was an inmate at the Oakland County Jail on February 22, 2020. On that date, he asserts that he was removed from his cell by an extraction team and placed in a restraint chair. During the extraction, Plaintiff asserts that he was assaulted by the team and he injured his knee and ankle. He asserts that his knee became swollen and turned purple, and he experienced intense pain. Plaintiff requested to be seen at the medical unit. He asserts that Defendant Nurse Sarah said that she would schedule him for an x-ray, but it was never done. He also

asserts that she did not examine or assess his injury, nor did she give him any medications for his pain.

Plaintiff asserts that Defendants Warren and Morrissey are liable to him for the deliberate indifference of Nurse Sarah because they were her supervisors. He asserts that Defendant Correct Care Solutions violated its policy to provide care for inmates.

### III. Discussion

Plaintiff claims a violation of his right to constitutionally adequate medical care under the Eighth and Fourteenth Amendments. The Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97 (1976), that the deliberate indifference to a serious medical need of a prisoner constitutes unnecessary and wanton infliction of pain in violation of the Eighth Amendment. The claim is comprised of an objective and a subjective component. "The objective component requires the plaintiff to show that the medical need at issue is 'sufficiently serious.'" *Richmond v. Huq*, 885 F.3d 928, 938 (6th Cir. 2018) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008).

To satisfy the subjective component, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 939 (quoting *Farmer*, 511 U.S. at 837). Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id*.

Here, reading Plaintiff's pro se pleading indulgently, *Haines*, 404 U.S. at 520, Plaintiff has adequately pled facts in support of the objective component of a deliberate-indifference claim. He claims that he suffered a serious injury to his knee and ankle while at the Oakland County Jail. He asserts that his knee turned purple and was swollen, and that he continues to experience pain as a result of the injury.

With respect to the subject component of the claim, again reading the complaint indulgently, Plaintiff has adequately pled facts asserting that Defendant Nurse Sarah, the person charged with treating him following the injury, refused to examine or treat him. Plaintiff asserts that Nurse Sarah informed him that she would schedule an x-ray, but it was never performed. He further alleges that she never examined his injury and refused to provide him with pain medication. For purposed of screening the complaint,

Plaintiff has stated a deliberate-indifference claim against Defendant Nurse Sarah.

With respect to Defendants Warren, Morrissey, and Correct Care Solutions, the complaint is devoid of allegations that they were deliberately indifferent to Plaintiff's condition. Plaintiff fails to allege facts indicating that these defendants were aware of his condition and were deliberately indifferent to it. A complaint must allege facts showing that each named defendant participated, condoned, encouraged, or knowingly acquiesced in misconduct to establish liability. *See Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995). Furthermore, claimed constitutional violation must be based upon active unconstitutional behavior. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008). The fact that Nurse Sarah was a subordinate of these other Defendants is insufficient to state a claim against them. *Grinter*, 532 F.3d at 576.

### IV. Conclusion

Accordingly, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), the Court will dismiss the complaint for Plaintiff's failure to state a claim against Defendants Correct Care Solutions, Vicki Lynn

Warren, and Mark Morrissey. The case will proceed against Defendant Nurse Sarah.

**SO ORDERED**.

Dated: November 10, 2020

                                           s/George Caram Steeh
                                           GEORGE CARAM STEEH
                                           UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 10, 2020, by electronic and/or ordinary mail and also on Torri M. Durden #689182, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623.

s/Brianna Sauve
Deputy Clerk

---